J-S46043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :         PENNSYLVANIA
                                            :

                       v.                   :

WILLIAM EDWARD MCIVER JR.     :

               Appellant         :     No. 1118 WDA 2023

Appeal from the Judgment of Sentence Entered July 20, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003347-2022

BEFORE: LAZARUS, P.J., BOWES, J., and KING, J.

DISSENTING MEMORANDUM BY BOWES, J.:    **FILED: APRIL 14, 2025**

Respectfully, I cannot join the Majority's decision to vacate part of Appellant's judgment of sentence and remand for further proceedings. In my view, our clear duty is to affirm and allow Appellant to seek relief from a higher authority than this three-judge panel.

Appellant candidly acknowledges that precedent mandates rejection of both his suppression challenge and his facial attack on the constitutionality of 18 Pa.C.S. § 6105. **See** Appellant's brief at 17-18 (referring to **Commonwealth v. Smith**, 285 A.3d 328 (Pa.Super. 2022), and **Commonwealth v. McIntyre**, 314 A.3d 828 (Pa.Super. 2024) ("**McIntyre I**")). He presents his arguments as to why that precedent should be overturned solely to preserve the issues for review by this Court *en banc* or by our Supreme Court. **Id**.

While **McIntyre I** has since been vacated, the Majority correctly concludes that Appellant's facial challenge to § 6105 fails all the same under this Court's decision in **McIntyre II**.   **See** Majority Memorandum at 13. Further, the Majority properly notes that Appellant has failed to develop in his brief any argument for finding that § 6105 is unconstitutional as applied to him.  **Id**. at 11, 16.  As such, his as-applied challenge is waived.[1]  **See**, **e.g.**, **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.  It is not the obligation of this Court, even in a capital case, to formulate Appellant's arguments for him." (citations omitted)).

Therefore, I conclude that all that is left for us to do is to affirm and allow Appellant to seek the relief he desires, be it from this Court *en banc*, from our Supreme Court, or through a Post Conviction Relief Act ("PCRA") petition.  Since the Majority instead vacates his judgment of sentence for the

---

[1] To the extent that the Majority opts to examine the as-applied constitutionality of § 6105 despite Appellant's briefing deficiencies because there were new decisions handed down after his brief was filed, I observe that a party is not entitled to benefit from a change in the law that occurs while a case is pending unless "the issue in question [wa]s properly preserved at all stages of adjudication up to and including any direct appeal." **Commonwealth v. Moore**, 263 A.3d 1193, 1199 (Pa.Super. 2021) (cleaned up).

§ 6105 conviction and remands for him to litigate his as-applied challenge anew, I respectfully dissent.